Reese, J.
delivered the opinion of the court.
A justice of the peace filed in the county court a recognizance taken before him, .of the plaintiff in error, and a certain Samuel L. Barclay, for the appearance of the latter in said court, to answer a criminal charge. A forfeiture having been taken thereon, the plaintiff in error, on the return of a scire facias, filed a plea of non est factum, or that he had not entered into the recognizance. To this plea was filed a demurrer. The county court sustained the demurrer, and their judgment was affirmed by the circuit court. And the only question now is, whether this plea was a legal and proper defence?
We are satisfied that it was not. A recognizance, it is well settled, when taken before a magistrate and filed in a court of record, becomes a part of the record of the proceeding in that court, and may claim the dignity and verity which by law appertain to records. The plea in question therefore cannot avail the party.
The argument of inconvenience, arising from the number .or the supposed character and qualifications of the magistracy having the power to take a recognizance, which has been addressed to us, might have some weight, it may be, if addressed to the legislative department. But impositions of the kind alluded to, can very seldom have occurred. And perhaps the inconvenience would be on the other side, if parties were permitted to yield to the strong temptation of extricating themselves from impending difficulty, by denying the verity of the recognizance, when the death or removal of the magistrate, or other circumstances might favor their success. Be that as it may, a recognizance filed becomes a record, and its verity cannot be questioned in the mode in this case attempted.
Let the judgment be affirmed.